UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIE GOOD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-11983-IT |
| | * | |
| BAY COVE HUMAN SERVICES, INC., | * | |
| | * | |
| Defendant. | * | |

Order

June 15, 2020

TALWANI, D.J.

Before the court is Defendant Bay Cove Human Services, Inc.'s Motion to Dismiss [#7] Plaintiff Willie Good's Complaint [#1]. The magistrate judge to whom this matter is referred found that Plaintiff alleged sufficient facts to support a plausible claim for hostile work environment and retaliation, but not to support a claim of constructive discharge, and thus recommended granting the motion as to the claim of constructive discharge, but otherwise denying it. R. & R. 8, 10, 12–13 [#25]. Defendant has filed no objections, and the court adopts the magistrate judge's findings as to the hostile work environment and retaliation claims for the reasons set forth therein.

Plaintiff has filed timely objections as to the recommended dismissal of his constructive discharge claim. Pl.'s Obj. R. & R. [#34]; see also Pl.'s Mem. [#35]. On de novo review, see Fed. R. Civ. P. 72(b)(3), the court adopts the magistrate judge's statement of the law regarding the constructive discharge claim but sustains Plaintiff's objections when applying the law to the facts alleged.

Defendant argues that it "offered to correct the allegedly hostile work situation about

which Good complained" by assigning him a new supervisor, offering to relocate his office, and allowing him to work from home. Def.'s Mem. 1, 7–8 [#8]. If Plaintiff's constructive discharge claim rested solely on allegations of mistreatment by his supervisor, the court would agree that this offer defeats the constructive discharge claim for the reasons set forth by the magistrate judge. But, Good also alleges that he received three handwritten notes: on January 29, 2018, Good allegedly found a note in his office that said, "N***** Good try. Bye Bye Soon N*****"; on February 1, 2018, Good reported that he had found a second note in his office, this one stating "n***** give it up"; and on February 9, 2018, he allegedly found a third note that said, "N***** shut up, we don't want your kind Here any longer. Just go away! Make it easy on yourself or we will have to use forse. Hr aint give a fuck and pretty soon you [illegible]. You don't scare with all your big words & email, N***** all you is a n***** in this here business. Many have fail u is next. Don't [illegible] us all you [illegible]. Blackie n***** the more you resist is most we resist N***** bye! All you is a big mouth n***** who aint shut you a problem n*****." Compl. Attach. 11, 21 [#1-2] (quoted with original spelling and grammar, bowdlerization added).

    A jury may well conclude that the steps taken by Defendant would have sufficiently reassured a reasonable person in Plaintiff's position, such that they would not have felt compelled to resign while an investigation regarding these notes was underway. Additional facts offered on summary judgment—relaying, for example, any directives that Defendant gave to its employees indicating that such racist statements would not be tolerated and detailing a thorough investigation—may result in a defense judgment as a matter of law. However, the facts as pleaded, including the attached exhibits, do not include any affirmative steps taken by the Defendant to stop employees from using discriminatory and threatening language towards their co-worker, while also failing to provide any details of an actual investigation. The pleadings do

not suggest, and the court may not infer, that the Defendant expressed any commitment to stopping employees from using the "N-Word." Instead, the pleadings allege that Defendant placed the onus on Plaintiff to remove himself from the harassing conduct.[1] As recounted by Plaintiff, after complaining of a written note left for him invoking the N-word, he received two more such notes, and the final note threatened violence against him. In the absence of allegations of any affirmative actions by the Defendant to stop employees from making the offensive comments, the court finds that Plaintiff has adequately alleged "working conditions . . . so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Green v. Brennan, 136 S.Ct. 1769, 1776 (2016) (quoting Pa. State Police v. Suders, 542 U.S. 129, 141 (2004)).

      IT IS SO ORDERED.

Date: June 15, 2020

/s/ Indira Talwani<br>United States District Judge

---

[1] The attachments do include Defendant's assurances to Plaintiff that it was investigating but no further allegations that any such investigation actually occurred.